Thomas S. **WRENN,** Plaintiff,

v.

**DEPARTMENT OF TREASURY,** Defendant.

No. 92–P–2131–S.

United States District Court, N.D. Alabama, Southern Division.

July 29, 1994.

---

Thomas E. Wrenn, pro se.

D. Wayne Rogers, Jr., Walter Braswell, Acting U.S. Atty., U.S. Attys. Office, Birmingham, AL, Shannon L. Hough, U.S. Dept. of Justice–Tax Div., Washington, DC, for defendant.

### ORDER

POINTER, Chief Judge.

This case is before the court on the Eleventh Circuit remand of summary judgment for Defendant on the Freedom of Information Act (FOIA) issue only, 19 F.3d 1446. This court was affirmed above as to all claims related to the collection of taxes, and no claim regarding alleged misconduct in that matter is before this court.

Plaintiff Thomas Wrenn has also filed a cross-motion for summary judgment and litigation costs. None of the grounds of Plaintiff's motion for summary judgment, as they relate to IRS collection efforts, are properly before this court. The only issue that remains to be considered, since Plaintiff no longer seeks the release of agency documents, is whether Plaintiff is entitled to litigation costs under the FOIA.

## FACTUAL BACKGROUND

In 1991, the IRS initiated a levy against the bank account of Plaintiff Thomas Wrenn, claiming he owed additional taxes on unreported income of $7,748 for the years 1987–1989. Plaintiff disputed the allegation of unreported income. Plaintiff also filed a broad FOIA request seeking any documents supporting the IRS claims of unreported income and the resulting additional taxes and negligence penalties assessed against Plaintiff.

On July 24, 1992, the IRS responded to the FOIA request by stating that it could not provide employer tax return information under the FOIA. The agency further stated that the FOIA did not require it to "create records not already in existence." The IRS has since refunded with interest all taxes and penalties arising from the alleged unreported income, without providing any explanation for this total reversal.

## ISSUE

Plaintiff, according to his brief in support of his cross-motion for summary judgment, seeks no additional documents under the FOIA. Consequently, there is no issue whether the IRS is improperly withholding documents before this court.

On remand, Plaintiff presents the novel claim that he has substantially prevailed under the FOIA, and is therefore entitled to costs and attorney fees under the Act, because the IRS did not possess any documentary evidence to support its position that Plaintiff had unreported taxable income. Plaintiff denied any additional tax liability and filed the FOIA request to challenge the basis for the IRS action.

Since the IRS has subsequently reversed its position and refunded all disputed assessments and penalties, Plaintiff claims he is vindicated in his position that no basis for tax liability ever existed. He further claims that his FOIA request caused the IRS to admit the untenability of its position and that Plaintiff has therefore "substantially prevailed" under the FOIA.

## ANALYSIS

■ Litigation costs may be awarded under the Act where a plaintiff has "substantially prevailed" in an FOIA request. 5 U.S.C. § 552(a)(4)(E). The Eleventh Circuit has held that "[i]n deciding whether a party has substantially prevailed, a court should consider whether the 'prosecution of the action could reasonably be regarded as necessary to obtain the information' and whether 'the action had a substantial causative effect on the delivery of the information.'" *Clarkson v. Internal Revenue Service*, 678 F.2d 1368, 1371 (11th Cir.1982) (citations omitted).

■ This language clearly contemplates the improper withholding of documents as the basis for finding a party has substantially prevailed, not the mere vindication of a party's position that an agency action was groundless. This court has located no case in any circuit in which the issue presented here, whether a claimant can substantially prevail in its assertion that an agency has no documentary basis for an action, has been addressed.

The facts presented in this case do not by any means portray the IRS in a positive light. The purpose of the FOIA, however, is not to discern the merits of an underlying grievance against an agency, but to prevent records from being improperly withheld from complainants by government agencies. 5 U.S.C. § 552(a)(4)(B). In this case, there is no claim that such agency records existed or were withheld from Plaintiff. No such records have been released by Defendant as a result of the FOIA request.

It is therefore the opinion of this court that there is no issue, for FOIA purposes, on which Plaintiff may substantially prevail in order to receive an award of litigation costs. For that reason, Defendant's motion for summary judgment, on remand from the Eleventh Circuit as to the FOIA claim, is hereby GRANTED. Plaintiff's cross-motion for summary judgment must be DENIED.

Accordingly, this cause is dismissed. Each party shall bear its own costs.